IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLAYTON J. BATSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 12-1375-RGA |
| AARON MITCHELL, et al., | : |
| Defendants. | : |

Clayton J. Batson, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 8, 2013
Wilmington, Delaware

*/s/ Richard G. Andrews*

**ANDREWS, United States District Judge:**

Plaintiff Clayton J. Batson, an inmate at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

According to the Complaint, on May 19, 2012, Plaintiff's vehicle was stopped by the Seaford police. He was told to step out of the car to be searched, Plaintiff refused and tried to take off. He was taken down and repeatedly punched in the face by Defendant Cpl. Aaron Mitchell and tazed by another officer. Plaintiff was taken to the hospital in Seaford. Plaintiff sustained three facial fractures and required stitches.

Plaintiff was taken to the SCI on May 20, 2012. He was told that he would see an "outside doctor" because the fractures "were very bad." He did not see an outside physician until a month and half later and, by that time, "it was too late to get the reconstructive surgery" he needed. He has numbness and headaches "due to the negligence of CCS" (i.e., Correct Care Solutions). CCS is the general healthcare provider for the Delaware Department of Correction.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement

2

to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has named the Seaford Police Department as a defendant. A plaintiff seeking to recover from a municipality under § 1983 must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404 (1997). Because the Seaford Police Department falls under the umbrella of the City of Seaford, for the purposes of

screening, the Court analyzes the claim as if the Seaford Police Department were a municipality.

Plaintiff has not pled that the Seaford Police Department was the "moving force" behind any alleged constitutional violation. Indeed, the Complaint contains no allegations against the Seaford Police Department other than to name it when referring to Defendant Mitchell. Absent any allegation that a custom or policy established by the Seaford Police Department directly caused harm to Plaintiff, his § 1983 claim cannot stand.

Therefore, the claim against the Seaford Police Department will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend the claim.

Plaintiff further alleges that he was injured due to the medical negligence of CCS. Allegations of medical malpractice, however, are not sufficient to establish a constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation)

Plaintiff has failed to state a claim against CCS upon which relief may be granted under § 1983. Therefore, the claim against it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend the claim.

Plaintiff has alleged what appears to be a cognizable excessive force claim against Cpl. Mitchell.

An appropriate order will be entered.