## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLAYTON J. BATSON, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 12-1375-RGA |
| AARON MITCHELL, et al., | : | |
| Defendants. | : | |

Clayton J. Batson, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

June *28* , 2013
Wilmington, Delaware

*Buchard G. Andrew*

**ANDREWS, U.S. District Judge:**

Plaintiff Clayton J. Batson, an inmate at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5). The Court screened the original complaint, dismissed Defendants CCS and the Seaford Police Department and gave Plaintiff leave to amend. An amended complaint, more accurately described as a supplement to the original complaint, was filed on May 3, 2013. The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

The supplement adds Dr. Akin Ayeni as a defendant. It alleges that Dr. Ayeni failed to prepare paperwork for Plaintiff to receive outside medical care and, as a result, Plaintiff's injury has worsened. Plaintiff alleges Dr. Ayeni actions were deliberately indifferent to his medical needs and that Dr. Ayena was negligent.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id*. The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id*. at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a

2

defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Plaintiff alleges that he was injured due to the medical negligence of Dr. Ayeni. Allegations of medical malpractice, however, are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation). Therefore, the negligence claim against Dr. Ayeni will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

As previously determined, Plaintiff has alleged what appears to be a cognizable excessive force claim against Aaron Mitchell. The supplement raises what appears to be a cognizable medical needs claim against Dr. Ayeni. Plaintiff will be allowed to proceed on those claims.

An appropriate order will be entered.

3